# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT MURPHY,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-153**          (JCN: 2021021646)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Murphy appeals the March 25, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc., ("ACNR") filed a response.[1] Mr. Murphy filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which denied a reopening of the claim for an additional permanent partial disability ("PPD") award and found that Mr. Murphy had been fully compensated by a prior 20% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Murphy completed an Employees' and Physicians' Report of Occupational Injury or Disease alleging that on April 21, 2021, he sustained an injury to his back and left hip while dragging a plastic pipe. The physician's portion of the application was completed by a provider at Wheeling Hospital Emergency Department, who diagnosed low back pain and lumbar radiculopathy. The claim administrator issued an order dated May 7, 2021, holding the claim compensable for strain of muscle, fascia, and tendon of lower back. On December 5, 2022, the claim administrator issued an order adding other intervertebral disc displacement, lumbar region, as a compensable component of the claim.

Mr. Murphy has a history of back injuries and symptoms prior to the April 21, 2021, compensable injury. On September 17, 1983, he sustained a compensable low back injury while swinging a sledgehammer. The injury was held compensable in JCN 840011596.

---

[1] Mr. Murphy is represented by M. Jane Glauser, Esq. ACNR is represented by Aimee M. Stern, Esq.

Mr. Murphy underwent an L5 laminectomy and L5-S1 discectomy following the 1983 injury. The claim administrator issued an order dated February 7, 1986, granting Mr. Murphy a 15% PPD award. On May 1, 1992, the parties entered into a settlement agreement for a 20% PPD award (an additional 5% PPD). In 1988, Mr. Murphy sustained another low back injury while working as a heavy equipment operator in Florida. The employer and claim administrator in the Florida claim paid Mr. Murphy a lump sum settlement to discharge all liability and responsibility regarding, among other things, permanent impairment, wage loss benefits, and rehabilitation benefits.

Following the compensable injury in the instant claim, on May 2, 2021, Mr. Murphy underwent a lumbar MRI, revealing severe left neural foraminal stenosis at L3-L4, endplate spurring at the L5-S1 level that may contact the right SI nerve root, and congenitally diminutive central canal size.

On May 19, 2021, Mr. Murphy was seen by Kristen DeCarlo, APRN, at the WVU Department of Neurosurgery. Ms. DeCarlo assessed acute bilateral low back pain with left sided sciatica; strain of lumbar region; herniated nucleus pulposus, lumbar; lumbar radiculopathy; and status post laminectomy. On May 30, 2021, Mr. Murphy underwent a lumbar MRI with and without contrast, revealing a likely disc protrusion/extrusion at L3-L4.

On June 25, 2021, David Cohen, M.D., examined Mr. Murphy and concluded that Mr. Murphy's clinical presentation was consistent with acute bilateral low back pain with left-sided sciatica, a herniated lumbar disc, and lumbar radiculopathy. He believed that Mr. Murphy was a surgical candidate and indicated that he would request authorization for surgery. On July 12, 2021, Ronald Fadel, M.D., performed a review of the medical records. Dr. Fadel opined that the MRI confirmed an acute displaced discopathy on the left at L3-L4, and he indicated that he supported the approval of surgical intervention. On September 28, 2021, Mr. Murphy underwent a left L3-L4 microdiscectomy for the diagnosis of left L3-L4 herniated nucleus pulposus.

Mr. Murphy was seen by Jessica Limbacher, PA, at the WVU Department of Neurosurgery on October 27, 2021. PA Limbacher recommended physical therapy. Mr. Murphy reported for physical therapy on November 1, 2021, and the physical therapist recommended treatment three times a week for four weeks. On December 6, 2021, Mr. Murphy followed up with PA Limbacher, who instructed him to continue with physical therapy.

On December 27, 2021, Mr. Murphy followed up with Ross Tennant, NP. Mr. Murphy complained of constant numbness and tingling to the left lower extremity below the knee. NP Tennant released Mr. Murphy to return to work without restrictions as of December 28, 2021. On December 30, 2021, the claim administrator issued an order

2

suspending temporary total disability ("TTD") benefits after ACNR reported that Mr. Murphy returned to work on December 28, 2021. On February 7, 2022, the claim administration closed the claim for TTD benefits.

Mr. Murphy returned to see NP Tennant on March 7, 2022. Mr. Murphy reported that the numbness and tingling to his left lower extremity had progressed, he had reduced lumbar flexion, and difficulty with side bending rotation of the trunk. NP Tennant recommended a repeat MRI of the lumbar spine and a diagnostic EMG of Mr. Murphy's lower extremities. On March 12, 2022, Dr. Fadel performed another review of the medical records. He recommended approval of electroneurodiagnostics and an MRI.

On March 26, 2022, Mr. Murphy underwent a lumbar MRI without contrast revealing a prominent region of abnormal signal involving the left laminectomy, left lateral epidural space, left lateral recess, and left neural foramen, L4-5 mild to moderate central canal stenosis, moderate right lateral recess stenosis and mild left lateral recess stenosis, L5-S1 prominent right paracentral/posterolateral osteophyte arising from the posterior vertebral body margin exerts significant mass effect on the traversing right SI nerve root with potential for right S1 radiculopathy, and mild to moderate multifactorial central canal stenosis at this level.

Mr. Murphy was seen by PA Limbacher on May 9, 2022. PA Limbacher assessed status-post lumbar microdiscectomy, lumbar radicular pain, and chronic low back pain. The treatment plan included a lumbar MRI with and without contrast, an EMG/nerve conduction study, additional physical therapy, and a referral to a pain clinic. Authorization for physical therapy, a lumbar MRI with contrast, and a consultation with the WVU Pain Clinic was requested. On June 29, 2022, Mr. Murphy underwent an EMG study of his lower extremities, revealing normal results.

On August 24, 2022, Dr. Mukkamala performed an independent medical evaluation ("IME"). Dr. Mukkamala found that Mr. Murphy had reached maximum medical improvement ("MMI") for his compensable injury. Dr. Mukkamala assessed lumbar strain superimposed on preexisting degenerative lumbar spondyloarthropathy and noted that Mr. Murphy had undergone three surgical procedures performed at levels L3-L4 and L5-S1. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993), Dr. Mukkamala found a total of 21% impairment for Mr. Murphy's low back. Referring to West Virginia Code of State Rules § 85-20 ("Rule 20") Table 85-20-C, Dr. Mukkamala placed Mr. Murphy into Lumbar Category III, which has a range of 10 to 13% impairment. Dr. Mukkamala noted that Mr. Murphy had received a

20% permanent partial disability award in a prior claim, so he opined that Mr. Murphy was fully compensated for the present injury.[2]

On August 26, 2022, the claim administrator issued an order denying a request for authorization for a lumbar MRI, physical therapy, and a consultation with WVU Pain Clinic. On July 17, 2023, the Board of Review issued an order reversing the claim administrator and granting the request for a lumbar MRI with contrast, physical therapy, and a referral to a pain clinic. On November 1, 2023, this Court issued a Memorandum Decision affirming the Board's order.

Mr. Murphy returned to the WVU Department of Neurosurgery on November 28, 2022. The diagnosis was lumbar radicular pain, chronic low back pain, status-post lumbar spine operation, and status-post lumbar laminectomy. A lumbar MRI with contrast, physical therapy, and a referral to the Pain Clinic were recommended. On December 2, 2022, Dr. Cohen completed a Diagnosis Update, requesting that lumbar strain, left L3-L4 herniated nucleus pulposus, and status post lumbar microdiscectomy be included as compensable components in the claim. On December 5, 2022, the claim administrator issued an order adding other intervertebral disc displacement, lumbar region, as a compensable component of the claim.

Mr. Murphy returned to NP Tennant on May 23, 2023. Mr. Murphy complained of low back pain with radiation to the right thigh and numbness and tingling to the left lower extremity. NP Tennant diagnosed status-post lumbar microdiscectomy, noted that a lumbar MRI had been requested, and recommended continued physical therapy and a consultation at the WVU Pain Clinic. On June 7, 2023, Mr. Murphy petitioned to reopen his claim for PPD benefits. The claim administrator issued an order dated June 19, 2023, denying Mr. Murphy's request for reopening. Mr. Murphy protested this order.

Mr. Murphy underwent a lumbar MRI with and without contrast on August 4, 2023. The impression was degenerative changes; posterior disc osteophyte complex effaces the right lateral recess at L5-S1 with displacement of the nerve root at this level. Mr. Murphy returned to NP Tennant on August 8, 2023, and Mr. Murphy reported low back pain with intermittent pain to the right lower extremity with tingling in his left lower extremity. NP Tennant recommended a referral to the WVU Pain Clinic to discuss the possibility of a steroidal injection.

---

[2] Dr. Mukkamala mentioned that Mr. Murphy reported that, in addition to the prior 20% PPD award he received for the 1983 back injury, he received a 10% PPD award for his Florida work injury claim. However, Dr. Mukkamala's finding that Mr. Murphy was fully compensated in the present claim relied solely on the award received in the 1983 claim. The Florida claim was not mentioned by Dr. Mukkamala in his conclusion that Mr. Murphy had no additional impairment resulting from the present claim.

On August 30, 2023, Mr. Murphy was seen at the WVU Pain Management Clinic. Since the majority of Mr. Murphy's complaints involved numbness in his left leg, an injection was not recommended because it would not help with numbness. Mr. Murphy returned to NP Tennant on September 7, 2023. Mr. Murphy reported that his low back pain was minimal, but he continued to experience constant numbness and tingling in the left lower extremity. NP Tennant recommended that Mr. Murphy complete his strengthening conditioning program with physical therapy.

Dr. Mukkamala issued a supplemental report dated December 5, 2023, indicating that the diagnosis of intervertebral disc displacement, lumbar region was added as a compensable component in the claim. Dr. Mukkamala reviewed additional medical records and indicated that he still believed Mr. Murphy had reached MMI with regard to his injury of April 21, 2021. Dr. Mukkamala stated that when he performed the impairment evaluation on August 24, 2022, the previous surgical procedures were accounted for in the impairment calculation. Dr. Mukkamala opined that after examining the additional treatment records and NP Tennant's May 23, 2023, office note, there was no credible objective medical evidence of an aggravation or progression of the compensable injury.

On March 25, 2024, the Board issued an order affirming the claim administrator's orders, which denied a reopening of the claim for PPD and found that Mr. Murphy had been fully compensated by the prior 20% PPD awarded in the settlement. The Board found that a preponderance of credible medical evidence established that Mr. Murphy had reached MMI for his compensable injury, even though an additional lumbar condition had been added to the claim after Dr. Mukkamala's prior assessment in August 2022. Further, the Board found that Mr. Murphy has been fully compensated for lumbar impairment by his prior 15% PPD award granted in the 1983 injury claim, since Dr. Mukkamala only assessed 13% impairment in the present claim. The board further found that Mr. Murphy failed to establish that he was entitled to a reopening of the claim for consideration of additional PPD benefits, as no physician had opined that there was a progression or aggravation resulting in additional impairment. Mr. Murphy now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

5

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

Mr. Murphy argues that his prior 20% award was not definitely ascertainable because it was a settlement and it is unclear what impairments were included, or the scope of the settlement, since not all impairments were separately addressed. Mr. Murphy further argues that the evidence established that he is entitled to a reopening of his claim. We disagree.

West Virginia Code § 23-4-9b (2003) requires that any definitely ascertainable impairment resulting from an occupational or non-occupational injury, disease or any other cause shall not be taken into consideration in fixing the amount of compensation for a subsequent compensable injury or disease. Compensation shall be awarded only in the amount that would have been allowable had the employee not had the preexisting impairment. The preexisting impairment need not be definitely ascertained or rated prior to the compensable injury or that benefits have been paid for this preexisting impairment. The degree of preexisting impairment may be established at any time by competent medical or other evidence.

Further, the Supreme Court of Appeals of West Virginia held in *Scott v. Welded Construction, LP*, No. 19-1164, 2021 WL 653241 (W. Va. Feb. 19, 2021) (memorandum decision) that: "West Virginia Code of State Rules § 85-20 provides that the lumbar spine is to be assessed in its entirety. It does not provide for separate injuries to each individual lumbar disc." *Id.* at *3.

In *Harper v. State Workmen's Comp. Comm'r.*, 160 W. Va. 364, 234 S.E.2d 779 (1977), the Supreme Court of Appeals of West Virginia held that for a reopening of a workers' compensation claim, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." *Id.* at syl.

Here, the Board found that Mr. Murphy was fully compensated by his prior 20% award reached via settlement in his 1986 workers' compensation claim. The Board noted that Mr. Murphy was awarded a 15% PPD for his lumbar spine on February 7, 1986, and

6

then received a 20% PPD award as settlement. The Board found that Dr. Mukkamala's IME report, finding that Mr. Murphy has a 13% impairment related to the 2021 injury, was reliable. The Board further found that, when the analysis from *Scott* is applied to the instant claim, Mr. Murphy has been fully compensated for his lumbar spine impairment. Regarding Mr. Murphy's request for reopening, the Board noted that although various treatments have been authorized following Dr. Mukkamala's IME, no physician has opined that Mr. Murphy has additional impairment. Thus, the Board found that Mr. Murphy failed to establish that he is entitled to a reopening.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Mr. Murphy has been fully compensated by his prior 20% PPD award based on Dr. Mukkamala's report.

Accordingly, we affirm the Board's March 25, 2024, order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

7